UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

TODD GEHMAN HOWARD,

        Defendant.

NO. CR09-5350 RBL

DETENTION ORDER

THIS COURT conducted an evidentiary bond revocation hearing on June 16, 2009 pursuant to 18 U.S.C. §3148(b). The United States of America was represented by Michael Dion. The defendant was present and represented himself pro se. Colin Fieman, assigned stand by counsel, was present in the courtroom. Also present was Lonnie Kaman, U.S. Pretrial Services Officer.

The defendant was placed on an Appearance Bond on May 7, 2009 by Judge J. Richard Creatura. The Defendant signed the original Appearance Bond in court on that same date. On May 18, 2009 The defendant filed a "NOTICE OF CORRECTED APPEARANCE BOND" with attachment. Dkt. 16. The attachment was a copy of the May 7, 2009 Appearance Bond but the defendant crossed out "Signature of Defendant" and replaced it with "Authorized Representative."

The Grand Jury returned an Indictment on May 21, 2009 charging the defendant with Concealing Person from Arrest in Count 1 and False Statement in Count 2. Arraignment was scheduled before Judge J. Kelley Arnold on May 29, 2009. Due to the Defendant's lack of cooperation, the arraignment was not

held as scheduled but was rescheduled for June 2, 2009 before the undersigned. In addition, Judge Arnold was made aware of alleged violations of the defendant's Appearance Bond. A bond review was then also scheduled for June 2, 2009 before the undersigned.

The arraignment was held on June 2, 2009 as scheduled. At the arraignment, the undersigned entered a plea of not guilty on behalf of the defendant for both counts. In addition, it was determined that the Defendant denied the alleged violations of his Appearance Bond and an evidentiary hearing was scheduled for June 16, 2009.

On May 21, 2009 the Defendant filed a NOTICE OF REVOCATION AND CANCELLATION OF IMPLIED CONTRACT IN THE NATURE OF AN AFFIDAVIT. Dkt. 18. In this document, the Defendant alleged that he was "conned, mislead and coerced into placing his signature on an investment security entitled 'APPEARANCE BOND' wherein Declarant is the Payor, TODD GEHMAN HOWARD is the Drawee, the Drawer is either the clerk of court or court administrator and the court/judge is the Payee, ..." The Defendant also asserts, in Paragraph 2 that a "secret code language" was used in the court proceedings (the initial appearance) and that "every single word or phrase used can have a hidden meaning." In particular, the defendant goes on to describe how the phrase "do you understand" really means "Are you willing to be the accommodation party and take on the liability." He further asserts that had he known this was what was really meant that he would have said no and, presumably, not signed the Appearance Bond.

In Paragraph 3 of Dkt. 18, the Defendant stated: "FOR THE RECORD, this Declarant is NOT THE DEFENDANT and believes it is the job of Creatura and Dion to fool Declarant into animating same to his ultimate detriment."

At the hearing on the bond violation, AUSA Dion advised the Court that he was not proceeding on the alleged violations of the Appearance Bond but rather was asking the Court to revoke the Appearance Bond based on the Defendant's own revocation of the Appearance Bond and his actions since initially signing the Appearance Bond before Judge Creatura. In support of the Government's motion to revoke the Appearance Bond it filed a Motion to Reconsider Order Releasing Defendant on Bond, Dkt. 34.

Mr. Howard addressed the Court and asked the Court to dismiss the charges, which request was denied.

| | |
|---|---|
| 1 | The undersigned notes that at his initial appearance on May 7, 2000 Todd Gehman Howard |
| 2 | acknowledged that he was the defendant in this case. Subsequently he has denied being the defendant and |
| 3 | has filed a document in this court in which he clearly revoked the original Appearance Bond. He insists |
| 4 | that the Federal Rules of Civil Procedure govern this criminal charge and has filed numerous documents |
| 5 | which make it clear that he does not recognize the authority of this Court. |
| 6 | Based on his statements and his actions, the Court is convinced that there are no conditions or |
| 7 | combinations of conditions which defendant can meet which will reasonably assure his appearance as |
| 8 | required. The Defendant refuses to acknowledge that he and the person named on the Indictment are the |
| 9 | same, he has revoked his signature on the original Apperance Bond and he interprets all of the court's |
| 10 | actions and statements into language that only he understands. The Court therefore revokes the original |
| 11 | Appearance Bond and orders the Defendant detained pending resolution of this matter. |

**ORDER OF DETENTION**

The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

The defendant shall be afforded reasonable opportunity for private consultation with counsel.

The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 17th day of June, 2009.

Karen L. Strombom
United States Magistrate Judge