HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TODD GEHMAN HOWARD,

    Defendant.

Case No. CR09-5350RBL

ORDER

THIS MATTER comes before the above-entitled Court upon several motions and requests by the Defendant. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

On September 18, 2009, after a four day jury trial the Defendant was convicted as charged of concealing a person from arrest (18 U.S.C. § 1071) and false statements (18 U.S.C. § 1001). Defendant's current motions and requests presently before the Court relate to Defendant's attempts, after conviction, to challenge the grand jury proceedings which resulted in the Indictment returned against him. Typical of persons with the Defendant's peculiar belief system, the challenges fall broadly under the category of "jurisdiction." Atypical of persons who believe the way the Defendant does, Howard allowed himself to be represented by counsel at trial. After not obtaining an acquittal, the Defendant "fired" his appointed counsel and is now proceeding pro se. Pending before the Court but not yet ripe is Defendant's Motion to

Dismiss the Indictment due to the ineffective assistance of counsel [Dkt. #131]. It is under the guise of this motion that Defendant seeks various records of the grand jury.

The Defendant seeks, among other things, certification by the Clerk of records of the grand jury pertaining to its impaneling and the return of the Indictment against him. He also seeks the name of the Foreperson of the grand jury and the name of the Deputy Clerk who signed the return on the first page of the Indictment. [See Dkt. #140 and attached Exhibits].

The Defendant is correct that he may challenge the grand jury "on the ground that it was not lawfully drawn, summoned, or selected, and may challenge an individual juror on the ground that the juror is not legally qualified." Fed. R. Crim. P. 6(b)(1). However, it has long been settled that the challenge must be made before trial or it is waived. *United States v. Gale*, 109 U.S. 65, 69 (1883) ("the objection to the grand jury must be taken before trial, and can only be taken afterward when it appeared on the record, . . . all ordinary objections based on the disqualification of particular jurors, or upon informalities in summoning or impaneling the jury, . . . should be taken in limine, either by challenge [or] by motion to quash . . . . Neglecting to do this, the defendant should be deemed to have waived the irregularity. It would be trifling with justice, and would render criminal proceedings a farce, if such objections could be taken after verdict, even though the irregularity should appear in the record of the proceedings."); *see* Fed. R. Crim. P. 12(b)(3); *see also United States v. Kaplan*, 554 F.2d 958, 970 fn. 7 (9th Cir. 1977) ("Motions to dismiss an indictment must be before trial or they are waived."). Although the Defendant moved pretrial to dismiss the Indictment [Dkt. #77], his motion did not challenge the makeup of the grand jury or that it was improperly drawn or selected; rather, he challenged the constitutionality of allowing the United States Attorney's Office to retain grand jury records. Therefore, because he did not raise his objections before trial to the grand jury as constituted, he has waived them.

Even if the Defendant's Motion is not waived, it is without merit and should be denied. First, because the Indictment is valid on its face the records Defendant seeks are not discoverable absent a showing of particularized need. *United States v. DeTar*, 832 F.2d 1110, 1113 (9th Cir. 1987). Mere speculation does not equate to particularized need. *Id*. The Defendant apparently seeks the records in support of his motion alleging that his trial counsel was ineffective. Although it is not entirely clear from his previous filings, the gist of his request appears to relate to his allegations that Agent Yeager perjured

himself before the grand jury thus affecting the grand jury's probable cause determination. This, however, does not entitle him to grand jury records because the petit jury that heard his case found him guilty, thus curing any deficiency in the probable cause finding of the grand jury. *See United States v. Mechanik*, 475 U.S. 66, 67 (1986) ("the petit jury's verdict of guilty beyond a reasonable doubt demonstrates *a fortiori* that there was probable cause to charge the defendants with the offenses for which they were convicted.") Second, to the extent Defendant challenges the method by which the grand jury was drawn, he may do so on only two grounds: (1) equal protection under the Fourteenth Amendment; and (2) a fair representation challenge under the Sixth Amendment. *United States v. Esquivel*, 88 F.3d 722, 725 (9th Cir.), *cert. denied*, 519 U.S. 985 (1996). Under neither of these theories has Defendant made a prima facie showing that he is entitled to relief.

The Defendant is therefore not entitled to the various records he seeks. Defendant's Motion for Grand Jury Proceedings [Dkt. #149] and Motion to Compel Performance of Court Clerk and to Clarify Order [Dkt. #155] are **DENIED**.

Defendant also objects and moves to strike this Court's Order sealing Exhibit A (the grand jury testimony of Agent Yeager) to the Government's Response to Defendant's Motion for Grand Jury Proceedings. The Exhibit is properly sealed and Defendant's Objection and Motion to Strike [Dkt. #165] is **DENIED**.

Defendant's renewed request to continue his sentencing [Dkt. #161] is **DENIED**. The sentencing date of January 29, 2010 at 9:00 a.m. remains as set. The Court is in receipt of a letter from the Defendant [Dkt. #170] wherein he lists 20 potential witnesses he believes "necessary" at his sentencing hearing. He indicates that these witnesses will be necessary because of inaccuracies in the Presentence Report. As an initial matter, based on the Court's ruling set forth in this Order, no witnesses relating to Defendant's challenge to the grand jury will be called, and neither the AUSA assigned to the prosecution of this case, nor employees of United States Pretrial Office, Probation Officer, or Clerk's Office from the Western District of Washington or Western District of North Carolina will be called. The Defendant is directed to Local Rule CrR 32(i)(1)(D) and (E). The Defendant shall include in his sentencing memorandum any objections to the Presentence Report that are unresolved.

**IT IS ORDERED:**

1. Defendant's Motion for Grand Jury Proceedings [Dkt. #149] is **DENIED.**

2. Defendant's Motion to Compel Performance of Court Clerk and to Clarify Order [Dkt. #155] is **DENIED**.

3. Defendant's Continued Motion to Stay Sentencing [Dkt. #161] is **DENIED.**

4. Defendant's Objection and Motion to Strike [Dkt. #168] is **DENIED.**

5. Defendant's Motion to Dismiss for Ineffective Assistance of Counsel [Dkt. #131] remains noted for January 15, 2010.

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 4th day of January, 2010.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE