HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TODD GEHMAN HOWARD,<br><br>Defendant. | No. CR09-5350RBL<br><br>ORDER |

THIS MATTER comes before the Court upon motions filed by the defendant. Having considered the entirety of the record and files herein, the Court finds and rules as follows:

**1. "Motion for Finding of Ineffective Defense Counsel Including Motion for Order of Dismissal of all Counts or Alternative Order Extending Time Allowing Rule 12(b), Rule 29, Rule 33 and Rule 34 Motions or Other Relief the Court finds to be in the interest of justice." [Dkt #131]**

On September 18, 2009, after a four day jury trial the Defendant was convicted as charged of concealing a person from arrest (18 U.S.C. §1071) and for making false statements (18 U.S.C. §1001). On October 13, 2009, the Defendant filed a "Notice of Termination" of his court appointed attorney, Assistant Federal Public Defender, Colin Fieman [Dkt. #122]. On October 16, 2009, the Court conducted a hearing and allowed Mr. Fieman to withdraw and allowed the Defendant to proceed pro se [Dkts. #125, 126]. Roger Hunko was thereafter appointed as standby counsel [Dkt. #129]. On October 27, 2009, the Defendant filed the instant

Order [CR09-5350RBL]- 1

motion. The Defendant, with leave of Court, has filed materials supplementing his motion including a memorandum [Dkt. #174], an "Affidavit of Facts Regarding Attorney-Client Interactions in Support of Motion," [Dkt. #177, sealed at Defendant's request], and an "Affidavit of Facts in Support of Motion," [Dkt. #178]. The Government has filed a response to Defendant's original motion as amended and to Defendant's supplemental filings.

The Defendant argues that his case should be dismissed or that he should be permitted a new trial due to the alleged ineffective assistance of trial counsel. He seeks relief under Rules 29, 33, and 34 of the Federal Rules of Criminal Procedure.

Rule 29 does not provide the Defendant relief. The rule allows the Court to enter a judgment of acquittal or to overturn a jury verdict only if "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The motion must be made or renewed within seven (7) days after the jury's verdict. Fed. R. Crim. P. 29(c)(1). The Court may not consider an untimely filed motion even if the late filing is based on attorney error. *Carlisle v. United States*, 517 U.S. 416, 420 (1996). Here, the motion was not filed until October 16, 2009, at the earliest [*See* Dkt. #128]. Even if the late filing was caused by the ineffective assistance of counsel, the Court may not consider the motion at this stage of the proceeding.

The Defendant states in his reply [Dkt. #151] that he is not alleging ineffective assistance of counsel as grounds for a new trial under Rule 33, but is only alleging that his counsel was ineffective in failing to make a Rule 33 motion thereby providing excusable neglect to allow him the opportunity to file a new trial motion beyond the 7-day period established by Rule 33(b)(2). Notwithstanding his stated position, the Defendant thereafter proceeds to argue that his new trial motion would be based in part on erroneously admitted prejudicial evidence of his lifestyle and political beliefs. He argues that his counsel was ineffective by not successfully keeping that evidence out. Apparently as further examples of what his new trial motion would contain, he argues that counsel was ineffective for failing to make a motion regarding the Grand Jury process, failing to move to suppress Defendant's statements to agents, failing to challenge the sufficiency of the allegations in the Indictment, failing to properly enforce a stipulation, and failing to move for a judgment of acquittal under Rule 29 after the close of all the evidence.

Order [CR09-5350RBL]- 2

Allegations of ineffective assistance of counsel may be made as grounds for a new trial under Fed. R. Crim. P. 33. *See United States v. Hanoum*, 33 F.3d 1128, 1129 (9th Cir. 1994). Under Rule 33(b) the motion must be brought within 7 days of the jury's verdict. *Id.* at 1130. Unlike a Rule 29 motion, however, the 7-day limitation does not bar this Court from addressing the merits of an untimely filed Rule 33 motion if the Court finds excusable neglect for the late filing. Fed. R. Crim. P. 45 (b)(1)(B); *See* Advisory Committee Note to Rule 33.

The Defendant's claim that the jury's verdict must be vacated because he received ineffective assistance of counsel is evaluated under the standard articulated by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). To establish constitutionally ineffective assistance of counsel under *Strickland,* the Defendant must show that (1) "counsel's performance was deficient", and (2) counsel's "deficient performance prejudiced the defense." *Id.* at 687. To show that counsel's performance was deficient, Defendant must show that "counsel's representation fell below an objective standard of reasonableness", *id.,* at 688. This Court's "scrutiny of counsel's performance must be highly deferential[]" and the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.,* at 689.

The majority of Defendant's motion [Dkt. #131] and subsequent filings is in support of his challenge to the Grand Jury process. The Court will address this challenge later in this Order.

The Defendant argues that the admission of testimony about his lifestyle and political beliefs was overly prejudicial and warrants a new trial. He further argues that his counsel was ineffective by not successfully excluding the evidence. The evidence introduced through Agent Kraus about the "Sovereign Citizen" movement was relevant for background and context of the relationships between the Defendant and the fugitive he was accused of harboring. After losing his motion in limine to exclude the evidence, Mr. Fieman skillfully used that evidence to explain the reasonableness of Defendant's belief that he needed to see a copy of the arrest warrant for the fugitive before taking steps to avoid harboring the fugitive. The Court's ruling was not error and Mr. Fieman's performance was not deficient. The admission of Agent Kraus' testimony is not a basis for a new trial motion.

The Defendant argues that his counsel was ineffective in failing to move to suppress his statements made to Agent Kraus and Deputy Fleck at an interview on February 6, 2009. He argues that his statements were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). In order for the protections of *Miranda* to apply, a person must be in custody. "Custody" for *Miranda* purposes means taken into custody or otherwise deprived of freedom of action in a significant way. *Id.* at 444. Custody exists when, viewed objectively, a reasonable person would believe that he or she was not free to leave. *United States v. Wauneka*, 770 F.2d 1434, 1438 (9th Cir. 1985); *United States v. Kim*, 292 F.3d 969, 973 (9th Cir. 2002). Here, the evidence established that the Defendant met Agent Kraus and Deputy Fleck at the Thurston County Sheriff's Office. The interview was conducted in a detective's office and the Defendant was repeatedly told he was not in custody, would not be arrested that day no matter his answers, and was free to leave at any time. The Defendant was not in custody for *Miranda* purposes. The admission of his statements was proper and counsel's performance was not deficient.

The Defendant argues that his counsel was ineffective because he failed to challenge the sufficiency of the allegations of both counts of the Indictment. The Defendant's argument is without merit. Both Count 1 and Count 2 satisfied the Fed. R. Crim. P. 7(c)(1) requirement that the Indictment need only contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Because there is no legal basis to challenge the Indictment, counsel's performance was not deficient.

The Defendant's argument regarding the Stipulation entered between the Government and the Defendant is unclear. Apparently, the "Stipulation" he is referring to is the agreement by the Government not to present evidence of the Defendant's polygamous lifestyle. Agent Kraus' testimony, elicited on cross-examination, was merely that two agents went to the Defendant's house and talked to both Lindsay Smith and Jenna Hoehn. Even if counsel's performance in inadvertently eliciting the testimony was deficient and that the Government breached the "Stipulation," the Defendant cannot demonstrate prejudice. Given all the evidence presented, one or two indirect references to the possibility that the Defendant was living with two women did not change the outcome of this trial.

As for the agreement between counsel regarding the defense's withdrawal of a request for discovery of information relating to the Government's search for the fugitive in exchange for the Government's agreement to not argue that the fugitive was on the Defendant's property on September 29, 2008, that issue was solved by an instruction from the Court. The Defendant suffered no prejudice by any alleged breach of the agreement between counsel.

The Defendant argues that counsel was ineffective by failing to renew his Rule 29 motion at the close of all the evidence. The record reflects that even if counsel's performance was deficient, the Defendant suffered no prejudice. The evidence adduced at trial was more than sufficient to sustain the conviction.

Rule 34 likewise provides no relief.

Defendant's Motion [Dkt. #131] is **DENIED**.

**2.    "Defense Objection to ORDER [Dkt. #173]" [Dkt. #181]**

The Court will consider the "Objection" as a motion for reconsideration of this Court's Order [Dkt. #173] denying his motion for Grand Jury records [Dkt. #149] and to compel the Clerk to produce certain records [Dkt. #155]. Under CrR 12(c)(11)(A), motions for reconsideration are "disfavored" and ordinarily will be denied "in the absence of a showing of manifest error in the prior ruling . . . ." The Court's prior Order was not erroneous and will not be reconsidered. Defendant's "Objection" is **DENIED**.

**3.    "Defense Motion to Dismiss for lack of Judicial Record of Grand Jury & Indictment." [Dkt.# 185]**

The Defendant argues that his case should be dismissed because the record does not contain the "proof" he deems sufficient to prove a Grand Jury actually existed and an authentic Indictment was returned. Contrary to Defendant's assertions, the record does contain the necessary proof that a Grand Jury existed and returned an Indictment. The Indictment itself, filed by the Clerk, and appearing in the record as document 12, provides on the first page that it was "Presented to the Court by the foreman of the Grand Jury in open court, in the presence of the Grand Jury and FILED in the U.S. DISTRICT COURT at Seattle, Washington." It is signed by a Deputy Clerk and dated May 21, 2009. Furthermore, sealed document 13, is the Indictment

with the signature of the foreperson. As previously explained to the Defendant, the signature of the foreperson is sealed pursuant to the policy of the Judicial Conference of the United States [see Dkt. #153]. The Defendant's Motion [Dkt. # 185] is **DENIED**.

**4.     "Notice of Actual Past Filing of NOTICE OF TERMINATION into Court Record." [Dkt. # 183]**

On October 13, 2009, the Defendant filed a Notice of Termination of his court-appointed counsel together with a copy of a letter the Defendant sent to his counsel. That Notice was filed under seal [Dkt. #122] because it contained attorney-client confidences. Because the public record the Defendant may access on the Court's PACER system does not contain entries for documents filed under seal, the Defendant understandably believed the document was not part of the record. His "Notice" is the Defendant's unnecessary attempt to correct the record.

**5.     Defendant's Letter dated January 11, 2010 [Dkt. # 182]**

The Court is in receipt of a letter from the Defendant directed at the Clerk seeking "missing" docket numbers in the record. As explained above, the public record accessible on PACER does not contain entries for sealed documents. All the docket numbers the Defendant alleges are missing are assigned to sealed documents.

> Docket numbers 81 through 86 relate to Defendant's Motion for Writ of Habeas Corpus Ad Testificundum for Lewis Hughes.
>
> Docket number 102 is both sides' peremptory challenges to the jury.
>
> Docket number 114 is the jury notes sent to the Court during deliberations.
>
> Docket number 142 is Defendant's Excerpt from his working copy of his memorandum in support of his motion alleging ineffective assistance. Defendant filed this document under seal.

**IT IS THEREFORE ORDERED**:

1.     Defendant's "Motion for Finding of Ineffective Assistance of Counsel . . . ." [Dkt. #173]" [Dkt. # 181] is **DENIED**.

2.     "Defendant Objection to ORDER [Dkt. #173]" [Dkt. #181] is **DENIED**.

3. "Defense Motion to Dismiss for Lack of Judicial Record of Grand Jury & Indictment" [Dkt. # 185] is **DENIED**.

**IT IS SO ORDERED.**

The Clerk shall send an uncertified copy of this Order to all counsel of record and to any party appearing pro se.

```
IT IS SO ORDERED this 20th day of January, 2010.
```

　　　　　　　　　　　　　　　/s/ Ronald B. Leighton
　　　　　　　　　　　　　　　RONALD B. LEIGHTON
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE